HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HARRISON BLEVINS, pro se,<br>THOMAS BLEVINS, pro se,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MASON, SHELTON SCHOOL DISTRICT,<br><br>Defendants. | CASE NO. 3:12-cv-05451 RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiffs' Motion for Appointment of Counsel (Dkt. # 2), Plaintiffs' Motion for Summary Judgment (Dkt. # 9), and Defendant Mason County's Motion to Dismiss (Dkt. # 8). The Court has reviewed the Motions, as well as the Complaint (Dkt. # 1).

Harrison Blevins, and his son, Thomas Blevins sued the Shelton School District and Mason County, alleging civil rights violations. Pls.' Compl. (Dkt. # 1). The District notified the Blevins that Thomas would be reported to truancy court due to his poor attendance record. (Dkt. #13). Harrison participated in the Truancy Review proceedings in Mason County Superior Court. *See* Pls.' Compl. (Dkt. #1); (Dkt. #s 13-15). At a December 17, 2010, hearing, the

Mason County Superior Court compelled school attendance for Thomas. (Dkt. #14). After a series of appeals and motions for dismissal and summary judgment, the Blevins filed this action, seeking: "1) Expungement [sic.] of Thomas Blevins' truancy and contempt, 2) Mointary [sic.] compensation of $3,203,906.60, and 3) Disciplinary and/or criminal charges referred were [sic] applicable." Pls.' Compl. (Dkt # 1). The Blevins' complaint provides a list of grievances against the District and County based upon actions taken by District and County employees. The crux of the Blevins' claims is that the District and County committed civil rights violations through the course of the truancy review process.

For the reasons below, Plaintiffs' Motion for Appointment of Counsel is DENIED, Plaintiffs' Motion for Summary Judgment is DENIED, and Defendant Mason County's Motion to Dismiss is GRANTED.

## I. DISCUSSION

**A. Plaintiffs' Motion for Appointment of Counsel**

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the Court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Blevins have not been granted leave to proceed *in forma pauperis*, but have moved this Court to appoint counsel. No exceptional circumstances exist to warrant appointment of counsel. First, the Blevins' complaint fails to demonstrate a likelihood of success on the merits. The Blevins have not provided sufficient factual basis to show liability on behalf of the District or County. The factual summary of grievances with Thomas' high school and Thomas' truancy review fails to demonstrate the potential liability of the two Defendants.

Second, the Blevins fail to state a claim for relief. Although the caption identifies a civil rights violation, the complaint fails to state which civil rights were infringed. The complaint identifies individual employees of the District or County who allegedly acted improperly, but fails to provide a factual basis for a § 1983 claim or to assert any claims against any defendants. The complaint lacks a minimum connection between the actions of the employees and District and County, let alone the higher standard required by a Section 1983 claim. The Blevins have a low likelihood of success on the merits and have failed to articulate any claim. The Motion for Appointment of Counsel is DENIED.

**B. Plaintiffs' Motion for Summary Judgment**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not

affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

The Blevins have failed to demonstrate they are entitled to judgment as a matter of law. A plaintiff alleging municipal liability for civil rights violations must prove three elements: (1) a violation of his/her constitutional rights, (2) the existence of a municipal policy or custom, and (3) a causal nexus between the policy or custom and the constitutional violation. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978).  To sustain a § 1983 claim, the Blevins must show a constitutional violation by the municipality. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008).

Although the Blevins' motion summarily asserts constitutional violations, a single instance or action by a municipal's employee is insufficient to grant relief as a matter of law. Under § 1983, there is no liability based upon an employment relationship or theory of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell*, 436 U.S. at 690-94.  A proper § 1983 claim identifies "a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382 (1997).  A plaintiff must show that the municipality acted with the requisite degree of culpability, and he must demonstrate a direct casual link between the municipal action and the deprivation of federal rights. *Id*. at 404.  In other words, the municipality's actions must be the "moving force" behind the rights deprivation. *Id*.

The Blevins' dissatisfaction with Thomas' truancy review hearings and sentiment that constitutional violations occurred are insufficient to rise to a § 1983 claim. There is no alleged policy or custom that caused injury and no asserted link between any municipal action and a deprivation of federal rights. No allegation or factual assertion by the Blevins support that the Defendants were a "moving force" behind any deprivation of rights. Therefore, the Blevins have utterly failed to meet their burden of establishing judgment as a matter of law and their Motion for Summary Judgment is DENIED.

**C. Defendant Mason County's Motion to Dismiss**

The County moves to dismiss Plaintiffs' claims under Fed. R. Civ. P. 12(b)(4) and 12(b)(5). (Dkt. # 8). The County first asserts that service on the Mason County Prosecutor's Office is insufficient service of process on the County. Second, even had service been proper, the complaint does not contain facts that state a constitutional claim against the County, and should therefore be dismissed. A plaintiff must serve a local government or municipal corporation by "delivering a copy of the summons and complaint to its chief executive officer, or serving a copy of each in the manner prescribed by that state's law…" Fed. R. Civ. P. 4(j)(2). Under RCW 4.28.080(1), plaintiffs suing a county must serve the county auditor or deputy auditor. The Blevins served the summons on the Mason County Prosecutor's Office. Proof of Service (Dkt. # 5). Therefore, Defendant Mason County was not properly served.

The Blevins have also failed to state a claim against the County. They list several actions taken by County employees that they feel violated an unspecified constitutional right. They have failed to allege facts, which taken as true, demonstrate a deprivation of rights by any County custom or policy. The Blevins' have not articulated a violation of any constitutional or federal statutory right, nor have they articulated any basis for holding the County liable for any such

violation. An assertion that a County employee acted fraudulently or in a manner which subverts the Blevins' "legal and civil rights" is insufficient to support § 1983 liability. *See* Pls.' Comp. at 3 (Dkt. # 1). No facts allege Mason County is the "moving force" behind any potential constitutional violation. Thus, the claims against Mason County are DISMISSED with prejudice.

## II. CONCLUSION

Plaintiffs' Motion for Appointment of Counsel (Dkt. # 2) and Motion for Summary Judgment (Dkt. # 9) are hereby **DENIED**. Defendant Mason County's Motion to Dismiss (Dkt. # 8) is **GRANTED** and Plaintiffs' claims against Mason County are **DISMISSED** with prejudice.

Dated this 4th day of September, 2012.

Ronald B. Leighton
United States District Judge